RIVERA & COMPANY, Plaintiffs and Appellants, v. LONDON ASSURANCE CORPORATION, Defendant and Appellee.

No. 3491. Argued March 13, 1925.—Decided June 4, 1925.

INSURANCE—APPEAL.—When the evidence tends to show that property was insured for more than its value; that it was burned fraudulently, and that against several signs of fraud there was only the testimony of the managing partner of the insured firm which the court had good reason for not believing, there is no basis for reversal and no justification for the appeal.

District Court of Mayagüez, Angel Acosta, J. Judgment for the defendant in an action on an insurance policy. *Affirmed.*

*Angel A. Vázquez* for the appellants. *José Sabater* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

In a suit on a fire insurance policy the court rendered judgment for the defendant. From the opinion it appears that goods insured for $4,000 had a value of not more than $500; that the fire was a frustrated fire (*conato de incendio*), wherein only a very small part of the insured objects was burned; that the claim of the complainant was founded on a false declaration for the purpose of defrauding the defendant; that, as the fire occurred on April 30, 1922, the proof of loss, according to the terms of the policy, should have been presented within fifteen days thereafter, and that the fire was of fraudulent origin.

In opposition to these conclusions, so far as they involve facts, there is the sole testimony of the managing partner of the complainant, who attempted to show that at the moment of the fire the establishment contained more goods than $500. He referred especially to one hundred boxes of chocolate of a value, according to him, of $5,280. We agree with the court that the evidence showed that practically nothing was burned, especially as complainant was unable to show the origin of these boxes of chocolate or from whom he bought them. The evidence of those who entered the shop immediately tended to show that but little had been destroyed and there were signs of deliberate burning. There was a number of other badges of fraud disclosed by the evidence and the opinion of the court.

We find nothing in the record to gainsay the findings of the court and, as the evidence of fraud was so strong, we find it unnecessary to consider whether the proof of loss was presented in time. This was a question about which there is no assignment of error.

There was no justification for this appeal and the judgment should be affirmed.